```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SHAWANDA PIERCE, Individually,
and on Behalf of
All Other Persons Similarly Situated,

      ECF
      06 Civ. 13113 (PKC)

             Plaintiffs,

-against-

PROGRESSIVE HOME HEALTH SERVICES INC., and
JOHN DOES # 1-10, Jointly and Severally,

             Defendants.
---------------------------------------------------------------x

## STIPULATION AND TOLLING AGREEMENT

WHEREAS Plaintiff filed a Complaint on November 13, 2006 alleging inter alia that she and similarly situated employees are owed unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, and New York Labor Law, §§ 650 et seq;

WHEREAS, the United States Court of Appeals for the Second Circuit affirmed in part and vacated in part the final judgment entered in the United States District Court for the Eastern District of New York (Thomas C. Platt, Judge) granting Defendants-Appellees Long Island Care at Home, et al., judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Coke v. Long Island Care at Home, Ltd., 376 F.3d 118, 135 (2d Cir. 2004). The Second Circuit held that 29 C.F.R. § 552.6 was enforceable on its face but that 29 C.F.R. § 552.109(a) was unenforceable. Id. at 121. By an order dated January 23, 2006, the United States Supreme Court granted Defendants-Appellants' petition for a writ of certiorari, vacated the Second Circuit's 2004 judgment, and remanded the case to "the Second Circuit for further consideration in light of the Department of Labor's Wage and Hour Advisory Memorandum No. 2005-1 (December 1, 2005)." Long Island Care at Home, Ltd. v. Coke, 545 U.S. 1103, 126 S. Ct. 1189,

1

163 L. Ed 2d 1125 (2006)

WHEREAS, upon reconsideration in light of the Department of Labor's Wage and Hour Advisory Memorandum ("DOL Memo"), the Second Circuit adhered to its original position ("Second Coke Decision"). See Coke v. Long Island Care at Home, Ltd., 462 F.3d 48 (2d Cir. 2006); and

WHEREAS the Defendants-Appellants, Long Island Care at Home, Ltd., et al., have petitioned the U.S. Supreme Court for certiorari to hear an appeal of the Second Coke Decision, and such petition is pending;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff SHAWANDA PIERCE, Individually, and on Behalf of All Other Persons Similarly Situated ("Plaintiff") and Defendant PROGRESSIVE HOME HEALTH SERVICES, INC. ("Defendant"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation And Tolling Agreement, that:

(1) Defendant waives any defense based on lack of personal jurisdiction or improper or defective service of process.

(2) This action is stayed until the petition to the U.S. Supreme Court for certiorari is denied or if not denied, until the date of a decision on the appeal of Defendants-Appellants, Long Island Care at Home, Ltd., et al, is entered (the "Stay End Date").

(3) Defendant will answer, move or otherwise respond to the Complaint within 30 days after the Stay End Date

(4) From the date of the execution of this Stipulation to the Stay End Date, Defendant agrees that the statutes of limitations applicable under the FLSA and the New York

2

Labor Law are tolled as to non-exempt employees of Defendant, who are similarly situated to Plaintiff.

_____
Bruce E. Menken, Esq. (BEM 1140)
Attorney for Plaintiff, Individually,
and On Behalf of All Other Persons Similarly Situated
BERENBAUM MENKEN BEN-ASHER
& BIERMAN LLP
80 Pine Street
New York, New York 10005
(212) 228-9795

Dated: November 4, 2006
New York, New York

_____
Felice B. Ekelman (FE 5692)
Attorneys for Defendant
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: December 6, 2006
New York, New York

This case is placed on the suspense calendar.

SO ORDERED:

_____
Hon. P. Kevin Castel, U.S.D.J.

12-7-06

Dated: November ___, 2006
New York, New York

3