From: BERANBAUM MENKE    1 212 509 8088    07/02/2007 11:47 #027 P.002/004

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

SHAWANDA PIERCE, Individually,
and on Behalf of
All Other Persons Similarly Situated,

        Plaintiffs,

-against-

PROGRESSIVE HOME HEALTH SERVICES INC., and
JOHN DOES # 1-10, Jointly and Severally,

        Defendants.

---------------------------------------x

ECF
06 Civ. 13113 (PKC)

## STIPULATION EXTENDING DEFENDANT'S TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

WHEREAS Plaintiff filed a Complaint on November 13, 2006 alleging, inter alia, that she and similarly situated employees are owed unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, and New York Labor Law, §§ 650 et seq;

WHEREAS, the United States Court of Appeals for the Second Circuit held that 29 C.F.R. § 552.109(a) was unenforceable. Coke v. Long Island Care at Home, Ltd., 376 F.3d 118, 121 (2d Cir. 2004). By an order dated January 23, 2006, the United States Supreme Court granted Defendants-Appellants' petition for a writ of certiorari, vacated the Second Circuit's 2004 judgment, and remanded the case to "the Second Circuit for further consideration in light of the Department of Labor's Wage and Hour Advisory Memorandum No. 2005-1 (December 1, 2005)." Long Island Care at Home, Ltd. v. Coke, 545 U.S. 1103 (2006);

WHEREAS, upon reconsideration in light of the Department of Labor's Wage and Hour Advisory Memorandum ("DOL Memo"), the Second Circuit adhered to its original position. See Coke v. Long Island Care at Home, Ltd., 462 F.3d 48 (2d Cir. 2006);

1

From:BERANBAUM MENKE          1 212 509 8088          07/02/2007 11:48 #027 P.003/004

WHEREAS on December 7, 2006, this Court granted the parties' request to stay this action until the date of a decision entered on the appeal of Defendants-Appellants, Long Island Care at Home, Ltd., et al, to the U.S. Supreme Court (the "Stay End Date");

WHEREAS, on June 11, 2007, the U.S. Supreme Court unanimously ruled in favor of Long Island Care at Home, Ltd., et al., and reversed the August 31, 2006 decision of the Second Circuit, finding that the U.S. Department of Labor's companionship exemption "regulation is valid and binding." See Long Island Care at Home, Ltd. v. Coke, No. 06-593, 551 U.S. ___, slip op. at 1 (2007); and

WHEREAS, under the previously executed Stipulation and Tolling Agreement in this case, the Stay End Date is June 11, 2007 and Defendant is currently required to answer, move or otherwise respond to the Complaint within 30 days thereafter, or by July 11, 2007.

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff SHAWANDA PIERCE, Individually, and on Behalf of All Other Persons Similarly Situated ("Plaintiff") and Defendant PROGRESSIVE HOME HEALTH SERVICES, INC. ("Defendant"), through their undersigned attorneys who state that they have been authorized to enter into this stipulation, that Defendant's time to answer, move or otherwise respond to the Complaint shall be extended until August 10, 2007.

_____
Todd A. Krichmar (TK 0524)
Attorney for Plaintiff, Individually,
and On Behalf of All Other Persons Similarly Situated
BERENBAUM MENKEN BEN-ASHER
& BIERMAN LLP
80 Pine Street, 32nd Floor
New York, New York 10005
(212) 509-1616

Dated: July 2, 2007
New York, New York

_____
Felice B. Ekelman (FE 5692)
Attorneys for Defendant
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: July 2, 2007
New York, New York


SO ORDERED:

_____
Hon. P. Kevin Castel, U.S.D.J.

Dated: July 6, 2007
New York, New York

3