```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWANDA PIERCE, Individually,
and on Behalf of
All Other Persons Similarly Situated,

      Plaintiffs,

 -against-

PROGRESSIVE HOME HEALTH SERVICES INC., and
JOHN DOES # 1-10, Jointly and Severally,

      Defendants
-----------------------------------------------------------x

ECF
06 Civ 13113 (PKC)

**STIPULATION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

 WHEREAS Plaintiff filed a Class Action Complaint on November 13, 2006 alleging, inter alia, that she and similarly situated employees are owed unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq, and New York Labor Law, §§ 650 et seq;

 WHEREAS, the United States Court of Appeals for the Second Circuit held that 29 C.F.R. § 552.109(a) was unenforceable. Coke v. Long Island Care at Home, Ltd., 376 F.3d 118, 121 (2d Cir. 2004). By an order dated January 23, 2006, the United States Supreme Court granted Defendants-Appellants' petition for a writ of certiorari, vacated the Second Circuit's 2004 judgment, and remanded the case to "the Second Circuit for further consideration in light of the Department of Labor's Wage and Hour Advisory Memorandum No. 2005-1 (December 1, 2005)." Long Island Care at Home, Ltd. v. Coke, 545 U.S. 1103 (2006);

 WHEREAS, upon reconsideration in light of the Department of Labor's Wage and Hour Advisory Memorandum ("DOL Memo"), the Second Circuit adhered to its original position. See Coke v. Long Island Care at Home, Ltd., 462 F.3d 48 (2d Cir 2006);

 WHEREAS on December 7, 2006, this Court granted the parties' request to stay this action until the date of a decision entered on the appeal of Defendants-Appellants, Long Island

1

Care at Home, Ltd., et al, to the U.S. Supreme Court (the "Stay End Date"); and

WHEREAS, on June 11, 2007, the U.S. Supreme Court unanimously ruled in favor of Long Island Care at Home, Ltd., et al., and reversed the August 31, 2006 decision of the Second Circuit, finding that the U.S Department of Labor's companionship exemption "regulation is valid and binding." See Long Island Care at Home, Ltd. v. Coke, No. 06-593, 551 U.S ___, slip op at 1 (2007)

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Shawanda Pierce, and Defendant Progressive Home Health Services, Inc., through their undersigned counsel, that the above-captioned action be and is hereby dismissed without prejudice as to Plaintiff Shawanda Pierce and all similarly situated members of the alleged putative class action and/or collective action, with no award of attorneys' fees or costs by the Court to any Party.

_____
Bruce E Menken, Esq (BEM 1140)
Attorney for Plaintiff, Individually,
and On Behalf of All Other Persons Similarly Situated
BERENBAUM MENKEN BEN-ASHER
& BIERMAN LLP
80 Pine Street
New York, New York 10005
(212) 228-9795

Dated: August 7, 2007
      New York, New York

_____
Felice B. Ekelman (FE 5692)
Attorneys for Defendant
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000
Ravindra K. Shaw (RS 1944)

Dated: August 10, 2007
      New York, New York

SO ORDERED:
_____
Hon. P. Kevin Castel, U.S.D.J.

Dated: August 15, 2007
      New York, New York

2